On February 12th, 1913, Ocean City Bayous Company, a corporation of New Jersey, executed and delivered to one Harvey Y. Lake, a bond and mortgage to secure the payment of $3,825, at the expiration of four years from that date, with interest at the rate of six per cent. per annum, payable semi-annually, which said mortgage was duly proven on the same day, and on the 24th day of March, 1913, recorded in the office of the clerk of Cape May county in book 115 of mortgages, page 194.
On February 12th, 1913, Ocean City Bayous Company, a corporation of New Jersey, executed and delivered to said Harvey Y. Lake a bond and mortgage to secure the payment of $5,100 at the expiration of four years from that date, with interest at the rate of six per cent. per annum, payable *Page 421 
semi-annually, which said mortgage was duly proven on the same day and on the 24th day of March, 1913, recorded in the office of the clerk of Cape May county, in book 109 of mortgages, page 443.
A decree pro confesso has been taken against all of the defendants except the defendant Irene S. Hunter, who is the owner in fee of lots 231 and 235, two of the lots mentioned in the first of said mortgages. This defendant claims that the said mortgage is not a lien upon said lots by reason of the following facts:
The complainant alleges that on December 31st, 1914, said Harvey Y. Lake, by assignment, assigned said bonds and mortgages to the complainants as collateral security for the payment by the said Ocean City Bayous Company of the sum of $20,000, with interest thereon from January 1st, 1915, which said assignment of mortgage was recorded in the clerk's office aforesaid on the 19th day of December, 1917.
On the 6th day of January, 1915, while the said Harvey Y. Lake was still the record holder and owner of said mortgage, Coleman F. Corson, sheriff of Cape May county, conveyed the land described in said mortgage to the said Harvey Y. Lake, by virtue of two separate writs of fieri facias issued out of the New Jersey supreme court, in a case entitled Mechanics National Bankof Millville, New Jersey, v. Frank E. Champion, Ocean CityBayous Company and Harvey Y. Lake, and in a cause entitledMechanics National Bank of Millville, New Jersey, v. OceanCity Bayous Company, Frank E. Champion, Elton Risley, Harvey Y.Lake and Elton Risley and Freeman Risley, partners, trading as N.Risley and Sons, by deed bearing said date, recorded February 19th, 1915, for a consideration of $585, which deed recites levy, advertisement and the sale at public vendue to the said Harvey Y. Lake as the highest bidder.
On the 7th day of September, 1916, by deed bearing said date, the said Harvey Y. Lake conveyed by deed of special warranty, lot 231 of the premises in question, subject to building conditions,c., and recites the sheriff's deed before *Page 422 
mentioned, recorded September 9th, 1916, in the clerk's office aforesaid, book 318 of deeds, page 155.
On the 28th day of September, 1916, by deed bearing said date, the said Harvey Y. Lake conveyed by deed of special warranty, lot 235 of the premises in question, subject to the building conditions, c., and recites the sheriff's deed before mentioned, recorded September 28th, 1916, in the clerk's office aforesaid, book 319 of deeds, page 106. In each of these deeds the consideration was recited as the sum of $230.
On the 28th day of November, 1917, the said Harvey Y. Lake released from the effect of said mortgage to Irene S. Hunter and to others, inter alia, the lots numbered 231 and 235, which said release was duly acknowledged on the 28th day of November, 1917, and recorded January 15th, 1918.
The defendant alleges that by reason of the purchase of the said property by Harvey Y. Lake at said sale, the said mortgage had merged in the fee and was extinguished. It is apparent from the testimony that Lake believed he was selling to Hunter the premises in question, clear of the lien of this mortgage, and that the release above referred to was executed by him as an additional safeguard to Miss Hunter, and that it was executed and recorded without the knowledge of the defendant Hunter. There can be no doubt but that this assignment was kept from the record for the purpose of establishing Lake's credit and that it was not recorded until it became apparent that Lake would be unable to pay the loan for which the mortgage was given as collateral. The present complainants permitted, with knowledge, an auction sale of the land held by Lake, and knew that he was making sales thereon. The bill to foreclose was not filed until May of 1929, nearly thirteen years after the conveyance to Hunter, and twelve years after the assignment of the mortgage to them.
 The bill must be dismissed as to the defendant Irene S. Hunter. *Page 423